UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Curtis Reddick,<br>    *Plaintiff*,<br><br>v.<br><br>Southern Connecticut State University,<br>    *Defendant*. | Civil No. 3:10cv1118 (JBA)<br><br><br><br>May 12, 2011 |

RULING ON MOTION TO DISMISS

Plaintiff Curtis Reddick sued Defendant Southern Connecticut State University ("SCSU") for disability discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, the Family and Medical Leave Act ("FMLA"), 28 U.S.C. § 2601, *et seq.*, and the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. § 46a-60(a). Defendant moves to dismiss for lack of subject–matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim under Fed. R. Civ. P. 12(b)(6), arguing that each of Plaintiff's claims is barred by the Eleventh Amendment to the United States Constitution.

I.    Background

Plaintiff alleges the following facts. Reddick suffers from chronic abdominal pain, for which he takes medication and has taken medical leave from work to receive medical care, treatment, and attention. (Compl. [Doc. # 1] ¶ 7.) In January 2007, he began work for Defendant as a custodian. (*Id.* ¶ 11.) At some point in January 2009, he took medical leave due to his chronic abdominal pain, and he returned to work on February 19, 2009. (*Id.* ¶¶ 13–14.) He also took leave from April 22 until May 1, 2009, because he was admitted to

the emergency room at Yale New Haven Hospital with abdominal pain. (*Id.* ¶¶ 16–22.) On May 14, 2009, Defendant terminated his employment.

II.     Discussion

Defendant moves to dismiss this action in its entirety as barred by the Eleventh Amendment to the United States Constitution, which provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State," and which has been interpreted to extend to suits against states and state agencies by their own citizens. *See Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 72–73 (2000).

A.     First Count (ADA)

Although Plaintiff does not specify in his Complaint which title of the ADA he sues under in the First Count, Defendant argues that because he claims employment discrimination, his suit is necessarily brought under Title I of the ADA, "which prohibits the States and other employers from 'discriminat[ing] against a qualified individual with a disability because of th[at] disability . . . in regard to . . . terms, conditions, and privileges of employment." *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356 (2001) (quoting 42 U.S.C. § 12112(a)). The Supreme Court has held that Title I does not abrogate Eleventh Amendment immunity for money damages because "[t]he legislative record of the ADA . . . simply fails to show that Congress did in fact identify a pattern of irrational state discrimination in employment against the disabled," as is required for Congress to abrogate Eleventh Amendment sovereign immunity and exercise its enforcement powers under Section 5 of the Fourteenth Amendment. *See id.* at 368.

2

Plaintiff does not dispute that under *Garrett*, suits against state agencies brought under Title I of the ADA are barred. He argues instead that his suit is brought under Title II of the ADA, which prohibits disability discrimination in public services, guaranteeing that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Unlike claims brought under Title I, claims for money damages under Title II of the ADA are not barred by the Eleventh Amendment. *See United States v. Georgia*, 546 U.S. 151, 159 (2006) ("[I]nsofar as Title II creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." (Emphasis in original)). Defendant maintains that Title II is not applicable to claims of employment discrimination.

The Second Circuit has not yet decided whether claims of discrimination in employment are cognizable under Title II of the ADA. *See, e.g.*, *Olson v. New York*, 315 F. App'x 361, 364 (2d Cir. 2009). In *Brown v. Connecticut*, Judge Kravitz opined that *Garrett* "appears to be a rough and informal dividing line; in the years before (and in the year immediately after) *Garrett*, district courts in the Second Circuit tended to permit employment discrimination claims under Title II to proceed." No. 3:08cv1478(MRK), 2010 WL 2220580, *18 (D. Conn. May 27, 2010) (citing *Winokur v. Office of Court Admin.*, 190 F. Supp. 2d 444 (E.D.N.Y. 2002); *Simms v. City of New York*, 160 F. Supp. 2d 398 (E.D.N.Y. 2002); *Worthington v. City of New Haven*, No. 94cv609, 1999 WL 958627 (D. Conn. Oct. 5, 1999); *Magee v. Nassau County Med. Ctr.*, 27 F. Supp. 2d 154 (E.D.N.Y. 1998); *Hernandez v. City of Hartford*, 959 F. Supp. 125, 133 (D. Conn. 1997); *Rome v. MTA/New York City*

*Transit*, No. 97cv2945, 1997 WL 1048909 (E.D.N.Y. Nov. 18, 1997); *Graboski v. Guiliani*, 937 F.Supp. 258 (S.D.N.Y. 1996); *Finley v. Giacobbe*, 827 F.Supp. 215 (S.D.N.Y. 1993)).

Since *Garrett*,

> many district courts in this Circuit have read the Garrett Court's citation to *Russello* as an indication that it would not have permitted employment discrimination claims to proceed under Title II. In so doing, many have explicitly adopted the reasoning of the Ninth Circuit decision in *Zimmerman v. Oregon Department of Justice*, 170 F.3d 1169, 1173 (9th Cir. 1999), which held that "Congress unambiguously expressed its intent for Title II not to apply to employment."[1]

*Brown*, 2010 WL 2220580 at * 19 (citing *Fleming v. State Univ. of New York.*, 502 F.Supp.2d 324, 333 (E.D.N.Y. 2007); *Cormier v. City of Meriden*, No. 03cv1819(JBA), 2004 WL 2377079,* 4 (D.Conn. Sept. 30, 2004) ("[T]he Court is persuaded that the overall context of Title II compels the conclusion that employment discrimination claims are not cognizable under that provision."); *Syken v. New York Exec. Dep't, Div. of Hous. & Comm. Renewal*, No. 02cv4673, 2003 WL 1787250 (S.D.N.Y. Apr.2, 2003) ("Title II does not apply to employment discrimination claims."); *Sworn v. W. New York Children's Psychiatric Ctr.*, 269 F.Supp.2d 152, 157 (S.D.N.Y. 2003) ("[P]laintiff should not be permitted to circumvent the holding of *Garrett*, which immunizes states from employment discrimination claims brought pursuant to Title I of the ADA, by commencing suit under Title II, a subchapter which lacks any of the procedural protections afforded employers under Title I."); *Filush v. Town of Weston*,

---

[1] "[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States*, 464 U.S. 16, 23 (1983).

266 F. Supp .2d 322, 330 (D.Conn. 2003) ("Congress did not intend for Title II to apply to employment.")).

In *Cormier*, this Court concluded that "Title II does not include any definition relevant to employers" 2004 WL 2377079 at * 4,[2] and it remains persuaded that this is the correct conclusion. Plaintiff's claim is therefore construed as brought under Title I, and it is dismissed as to its claim for money damages.

Plaintiff also seeks injunctive relief under the ADA, citing the longstanding doctrine established by the Supreme Court in *Ex parte Young*, 209 U.S. 123 (1908) that a state official may be sued in his official capacity for prospective injunctive relief if the plaintiff alleges an on–going violation of federal law. However, Plaintiff sues SCSU only, and a plaintiff seeking prospective relief from the state "must name as defendant a state official rather than the state or a state agency directly." *Wang v. Office of Professional Medical Conduct, New York*, 354 F. App'x 459, 461 (2d Cir. 2009) (quoting *Santiago v. New York St. Dep't of Correctional Services*, 945 F.2d 25, 32 (2d Cir. 1991)). Thus, Plaintiff's ADA claim for injunctive relief is not exempted from Eleventh Amendment sovereign immunity by *Ex parte Young* and is dismissed.

---

[2] *Cormier* notes that the definition of "qualified individual with a disability" under Title II did not semantically encompass the workplace because "an employee does not receive an entity's services or benefits, nor participate in its programs or activities; an employee of an entity is part of the structure that provides the services, benefits, programs and activities." *Id.*

B.  Second Count (FMLA)

Plaintiff acknowledges that his FMLA "claim for monetary damages is precluded by Eleventh Amendment sovereign immunity"[3] (Mem. Opp'n [Doc. #19–1] at 4) but urges that his prayer for injunctive relief under the FMLA is not similarly barred, citing *State Employees Bargaining Agent Coalition v. Rowland*, 494 F.3d 71, 77 (2d Cir. 2007). However, the defendants in *Rowland* were state officers, not agencies. As discussed above, because Plaintiff sues only SCSU, his request for injunctive relief under the FMLA is barred by the Eleventh Amendment and is dismissed.

C.  Third Count (CFEPA)

Having dismissed Plaintiff's federal–law claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's CFEPA claim. "While the statute governing supplemental jurisdiction, 28 U.S.C. § 1367, does not require dismissal of pendent state-law claims where all of the federal claims have been dismissed," *Giordano v. City of New York*, 274 F.3d 740, 754 (2d Cir. 2001) (collecting cases), the Second Circuit "has held, as a general proposition, that 'if [all] federal claims are dismissed before trial . . . , the state claims should be dismissed as well,'" *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 56 (2d Cir. 2004) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)) (alteration in *Uzan*).

---

[3] The Second Circuit recognized in *Hale v. Mann* that Congress did not have the authority to abrogate the sovereign immunity of states on claims arising under the relevant FMLA provisions. 219 F.3d 61, 69 (2d Cir. 2000).

III.    Conclusion

Accordingly, Defendant's [Doc. # 12] Motion to Dismiss is GRANTED. The Clerk is directed to close this case.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 12th day of May, 2011.